[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 6, 1987 at Oxford, Connecticut. They have resided continuously in this State since that time. There are two minor children issue of the marriage: Sheila Marie Mastrony, born July 14, 1988 and Carolyn Michelle Mastrony, born February 22, 1990.
The evidence presented at the trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 7 years. Through most of the marriage defendant wife assumed the traditional role of homemaker taking care of the parties two minor children aged 6 and 4 years old. The defendant is 38 years of age and in good health. She has a high school eduction [education]. The defendant has been approved by the State of Connecticut to run a day care in her home which she plans to start as soon as she receives the license from the State of Connecticut. She is hopeful of earning a minimum of $200. per week.
The plaintiff husband is aged 42. He has been employed at U.S. Surgical since October 1977. His present yearly salary is $55,710. per year gross. The defendant gets paid twice a month or 24 pay CT Page 10759 periods. Although the plaintiff does not have a college education, he has worked himself into a responsible position with U.S. Surgical. The plaintiff is concerned over the possible elimination of his employment.
The parties met while both were employed at U.S. Surgical. They lived together for approximately 4 years before they married. The present marital home, which is the major asset of the parties, was purchased in July 1984 and the parties have continued to live there until they separated sometime in March 1994. The defendant and the two minor children have continued to live in the marital home. The parties agreed that the marital home has a value of $168,000. and is subject to a mortgage of $81,844.79.
Unfortunately the parties were unable to reconcile their differences. The Court declines to attribute fault to either party for the breakdown of their relationship.
The following orders shall enter:
A. Custody and Visitation
1. There shall be joint legal custody of the minor children with primary physical custody with the defendant.
2. The plaintiff shall have reasonable and flexible visitation with the minor children as the parties shall agree.
3. The parties agreed in court that the plaintiff shall have the children on Christmas Eve until 9:00 PM. The defendant shall have the minor children on Christmas Day.
4. The plaintiff filed an extensive visitation schedule as part of his claims for relief. If the parties are unable to agree on a specific visitation schedule they are referred to Family Relations for Mediation relating to visitation. It appeared to this Court, that the parties were able to resolve any issues arising out of a visitation schedule.
B. Child Support
1. The plaintiff shall pay to the defendant as child support the sum of $300. per week until each child reaches the age of nineteen or completes the 12th grade as set forth in P.A. 94-61, emancipation or death. CT Page 10760
C. Alimony
1. The plaintiff shall pay to the defendant as alimony the sum of $75. per week. Said alimony shall terminate upon the death of the plaintiff, the death of the defendant, the remarriage of the wife or her cohabitation as defined by Statute or five years from date, whichever event shall first occur.
D. Real Estate
1. The plaintiff shall transfer to the defendant all of his right, title and interest in and to the marital residence located at 25 Highland Road, Oxford, Connecticut. The defendant shall be responsible for the mortgage, taxes and Insurance and shall hold the plaintiff harmless therefrom.
2. The defendant shall execute a promissory note and mortgage deed to the plaintiff in the amount of $43,000. without interest, payable to the plaintiff upon the sale of the Real Estate, remarriage of the defendant, or twelve years from date, whichever event shall first occur.
3. In the event the note is not paid as ordered above, the plaintiff shall be entitled to interest at the rate of 6% from the date of maturity to date of payment.
4. The Plaintiff shall prepare the appropriate note and mortgage deed.
5. Said mortgage shall be subordinated to any secondary Financing undertaken by the defendant, provided the plaintiff's equity position is not reduced.
6. The Court shall retain jurisdiction over any disputes concerning this matter.
E. Personal Property
1. The parties shall equally divide 6 Lithographs, defendant's choice.
2. The tractor is awarded to the Defendant.
3. The plaintiff is awarded one oriental rug, plaintiff's CT Page 10761 choice; the remaining rugs shall be the property of the defendant.
F. Other Property
1. The plaintiff shall be entitled to his 401(k) Plan.
2. The plaintiff shall transfer to the defendant his IRA account in the amount of $6683.31 as reflected on his financial affidavit.
3. The defendant shall be entitled to this IRA in her name.
4. The plaintiff shall be entitled to his U.S. Surgical Stock and Stock options.
G. Medical Coverage
1. The plaintiff shall maintain medical and dental health insurance coverage as is available at his place of employment for the benefit of the minor children.
2. All unreimbursed medical, dental, orthodontial and prescription expenses shall be equally divided between the parties.
3. The defendant shall be entitled to COBRA benefits, at her expense, as are available through the plaintiff's employment for a period of 2 years.
H. Life Insurance
The plaintiff shall provide and maintain life insurance in the amount of $70,000. with the defendant and 2 minor children noted as beneficiaries thereon for so long as the plaintiff has an obligation for alimony and/or child support. This provision shall be modifiable.
I. Tax Exemptions
The plaintiff shall be entitled to claim the two minor children as dependents for Income Tax purposes, provided he is current with the child support payments as of December 31st. This provision shall be modifiable.
J. Counsel Fees
CT Page 10762
The plaintiff shall pay to the defendant as a contribution toward her counsel fees, the sum of $1500., payable within 90 days of date.
COPPETO, J.